(No. 36002.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK LUCKETT, Plaintiff in Error.

*Opinion filed May 25, 1962.*

JULIAN J. FRAZIN, of Chicago, appointed by the court, for the plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Defendant was found guilty by a jury of the illegal sale of narcotics and was sentenced to the penitentiary for from 10 to 20 years. His sole contention on this writ of error is that the evidence is insufficient to sustain his conviction.

Three witnesses testified for the People. The first, Eugene Nicoletti, a police officer assigned to the narcotics divsion, testified that he met defendant in a tavern on December 9, 1959, and told him he wanted "to cop some H," meaning that he wanted to get some heroin. Defendant stated that he would get some for him, but that it would cost him $8. Nicoletti gave defendant the money. Defendant left, returned about half an hour later and told Nicoletti to follow him to the men's room. There defendant unrolled his left sock and took out a small package, which he handed to Nicoletti.

Nicoletti testified that he then left the tavern and performed a field test on the contents of the package, which indicated the presence of a derivative of opium. He inventoried the narcotics and brought them to the crime laboratory at the detective bureau. The witness was shown

several exhibits, of which he identified People's exhibit 4 as the tinfoil package given him by the defendant. He also identified People's exhibit 2 as the envelope into which he had placed the tinfoil package when he gave it to the crime laboratory. He recognized his handwriting and signature on exhibit 2, but exhibit 4 bore no identifying marks made by the witness.

Charles Vondrak, a police sergeant assigned to the chemistry section of the crime laboratory, testified that he had subjected People's exhibit 4 to various chemical tests, and that it was his opinion, based upon a reasonable chemical certainty, that it contained heroin.

The final witness for the State was police officer Dan Borkovich. He testified that on the afternoon of December 10, 1959, he and officer Kinzle saw Nicoletti walking with the defendant toward their squad car and that the defendant was placed under arrest. He further testified that, while in custody shortly after the arrest, defendant was asked by officer Kinzle, in the presence of Nicoletti and Borkovich, if he remembered selling narcotics to Nicoletti, and that the defendant said that he had but did not think that he was a policeman.

Defendant testified in his own behalf. He denied having seen Nicoletti on December 9, 1959, the date of the alleged sale, and denied ever having sold or given him any narcotic drug. He testified that on December 10, 1959, the date of his arrest, he was approached by Nicoletti, who told him he wanted to make a buy. When defendant said he had nothing to sell, Nicolletti left, but returned a short time later with a tin foil or cellophane bag in his hand, and asked defendant if he wanted some, and, when defendant answered in the affirmative, told him to follow him down the street. The defendant followed Nicoletti and was arrested by the police. Nicoletti took the stand in rebuttal and controverted defendant's account of the events in connection with the arrest.

Defendant's contention that the evidence is insufficient to sustain the verdict is twofold. First, he contends that the evidence that he made any sale is unsatisfacory. Second, he contends that, assuming he did deliver a package to Nicoletti, there is insufficient evidence that the package contained a narcotic, because the State has failed to prove a continuity of possession from the time of the alleged sale until the introduction of the package in evidence.

With respect to the first point, defendant's argument is directed primarily against the testimony of officer Nicoletti, which defendant asserts to be incongruous and unworthy of belief. Defendant attacks the credibility of Nicoletti's testimony on several grounds, stressing the officer's failure to arrest defendant immediately upon the consummation of the alleged sale on December 9, 1959. The officer explained the delay by saying that he did not want to reveal his identity as a police officer at that particular time and place. We cannot agree with defendant's contention that either the failure to arrest defendant at once or the officer's explanation for such failure is so unreasonable as to make his testimony unworthy of belief. We have consistently held that the credibility of witnesses is primarily a question for the trier of the fact, and this court will not reverse a conviction upon this ground unless such action is necessary in order to avoid apparent injustice. (*People* v. *Lucky*, 21 Ill.2d 501; *People* v. *Franceschini*, 20 Ill.2d 126.) We cannot say that the jury was not justified in accepting officer Nicoletti's version of the transaction and rejecting defendant's.

Defendant also asserts that the evidence is insufficient because of the State's failure to prove a continuity of possession of the powder allegedly purchased from the defendant from the time of the alleged sale until its admission in evidence. Officer Nicoletti testified that he left the package in the crime laboratory, but he could not recall the particular person there with whom he left it. The chemist,

Vondrak, tested the exhibit and found it to contain heroin, but he was not sure from whom he had received it. Because of these gaps, defendant contends that the evidence was insufficient to prove him guilty beyond a reasonable doubt. No objection was made at the trial to the admission in evidence of either the exhibits themselves or to the testimony concerning the chemical tests, and therefore any question as to the admissibility of this evidence has been waived. (*People* v. *Trefonas,* 9 Ill.2d 92, 98.) Defendant recognizes this but contends that the failure to prove continuity of possession creates a reasonable doubt as to his guilt and renders the evidence insufficient to sustain his conviction. .

A determination of the sufficiency of the evidence to sustain the conviction must, of course, be made from a consideration of the entire record and does not depend upon the strength or weakness of any one particular item of evidence. Here, in addition to the testimony of the chemist as to his examination of the exhibit, there is the testimony of officer Nicoletti that he conducted a field test which indicated the presence of a derivative of opium, and the testimony of officer Borkovich that defendant admitted selling narcotics to Nicoletti but didn't know he was a policeman. On the basis of the entire record, the jury was warranted in finding the defendant guilty beyond a reasonable doubt.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*