The People of the State of Illinois, Plaintiff-Appellee, *v.* T. J. Wilkerson, Defendant-Appellant.

(Nos. 57133, 57461, cons.;

First District (5th Division)—September 14, 1973.

James J. Doherty, Public Defender, of Chicago, (Robert M. Gray, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Frederic Chaimson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant T. J. Wilkerson appeals from a misdemeanor conviction (No. 57133) for possession of heroin in violation of paragraph 402 of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402), and from an order after a hearing on a rule to show cause revoking his probation on a previous felony conviction (No. 57461) for a similar charge and sentencing him to a term of eight to ten years.

On appeal defendant contends: (1) that the evidence at the trial on the misdemeanor failed to establish that the substance he allegedly possessed was actually a controlled substance, (2) that the conduct of the prosecutor and the trial judge combined to deprive him of a fair trial, (3) that if the misdemeanor conviction is reversed, the revocation of probation which was based upon that conviction must also be reversed, and (4) that the sentence imposed upon revocation of probation was excessive.

On December 1, 1969, after trial by jury, defendant was convicted of possession of heroin in violation of section 3 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1967, ch. 38, sec. 22—3). After various post-trial motions, the trial court heard arguments and testimony in aggravation and mitigation. Although defendant had no prior convictions, the State argued that his age, 47, made rehabilitation difficult, recommended a sentence of three to six years in the penitentiary, and agreed not to prosecute other charges then pending against defendant. Defendant argued for probation and complained of police harassment. On May 14, 1971, at the conclusion of the hearing, the court sentenced defendant to five years probation with the first fourteen months considered served (No. 57461).

On October 7, 1971, a complaint was filed against defendant alleging that he had violated section 402 of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402) by having in his control and possession a controlled substance, heroin, without authority. At trial the charge was reduced to a misdemeanor. Before proceeding with a hearing on a motion to suppress evidence, the prosecutor, without defense objection and in determining whether the State was ready to proceed, asked the arresting officer whether he had defendant's "rap sheet" and the prosecutor stated that he had only the second page of that sheet. After denial of defendant's motion, the matter proceeded to trial without a jury

and much the same evidence was presented as at the hearing on the motion to suppress.

At trial, the State's only witness was Officer Wyler of the Chicago Police Department. He testified that he was summoned to 2242 W. Madison Street in Chicago pursuant to a call regarding a robbery in progress, that when he arrived at the tavern at that location he met the complaining witness John Lewis, and that he then arrested defendant, conducted a preliminary search of defendant and transported him to the police station. The discovery of contraband in defendant's possession during a more thorough search at the police station and its subsequent examination were explored in the following questions and answers:

"Q. The contraband recovered from the defendant, officer, was then placed under inventory with the Chicago Police Department?

A. Yes, it was.

Q. And you received back a lab report with respect to the analysis of same?

A. That's correct.

Q. Calling your attention to the lab report, dated 12th of October, 1971, case No. 71-13068-C, under the hand of Charles Vondrak, Chemist, did you find that contraband to be one foil packet containing .18 grams of white powder which was subjected to various chemical identity tests and found to be Diacetyl Morphine Hydrochloride, commonly referred to as Heroin?

A. That's correct."

No objections to these questions were raised at trial. The record also indicates that several of the prosecutor's other questions were leading but that no objections were made. At the close of this evidence the State rested its case.

Defendant testifying on his own behalf denied robbing the tavern, denied having heroin in his possession, denied having a handkerchief in his possession, and admitted having a brown paper bag in his possession but claimed that he was not asked about its contents. At one point, the court admonished defendant not to volunteer information not asked for by counsel. This evidence concluded defendant's case.

The court then recalled the officer. In response to the court's question, the officer explained that the search of defendant at the tavern was only a search for weapons, that he did not go into defendant's pockets, but that a thorough search of defendant was made at the station pursuant to police regulations. In response to the prosecutor's question regarding finding the heroin, the officer stated that it was found in defendant's back pocket wrapped in tin foil inside a brown paper bag which was inside a

white handkerchief. From all the evidence presented and from defendant's admission regarding possession of a brown paper bag, the court found defendant guilty and sentenced him to six months in the House of Correction (No. 57133).

Subsequent to defendant's misdemeanor conviction, the Probation Department petitioned the court which had heard defendant's original felony conviction to enter a rule to show cause why defendant's probation should not be revoked, which rule the court entered. At the hearing on the rule to show cause, Mel Williams, defendant's probation officer, testified to defendant's sentence of probation on the original felony conviction and to defendant's subsequent misdemeanor conviction. Samuel Rosen, Chief Clerk of the Criminal Division, testified that defendant had been convicted of the misdemeanor of possession of heroin. Defendant testifying in his own behalf denied guilt as to the misdemeanor. On the basis of defendant's misdemeanor conviction for possession of heroin while on probation pursuant to conviction on a similar but more serious charge, the court revoked defendant's probation and sentenced him to eight to ten years in the penitentiary.

OPINION

■■■ Defendant first contends that the evidence at trial on the misdemeanor failed to establish that the substance he allegedly possessed was actually a controlled substance. Defendant correctly states that the substance was not identified in court or admitted into evidence, that the lab report was not identified or admitted into evidence, that the chemist who examined the substance was not called as a witness, that defendant entered no stipulation regarding these matters, and that the officer's testimony regarding the substance and the report was improper. Because of these gaps in the State's case, defendant now argues that the State did not prove beyond a reasonable doubt that the substance defendant was alleged to have possessed was a controlled substance. Although the omissions in the State's case might have been serious under different circumstances, defendant overlooks the fact that the officer's testimony, which it might have been ruled inadmissible had an objection been raised, was probative of the nature of the substance. The officer's testimony did indicate that the substance was heroin. This testimony was permitted to go into evidence without defense objection. Defendant's failure to object had the effect of waiving any error regarding admissibility. (*People v. Collins*, 25 Ill.2d 302, 185 N.E.2d 147; *People v. Luckett*, 24 Ill.2d 550, 182 N.E.2d 696.) Thus, the trial court could properly have considered such testimony. Together with defendant's denial, this testimony raised a question of credibility. It is well-established that questions of the credibility of witnesses are to be determined by the trial court.

Here that question was resolved against the defendant and we are not prepared to state that the trial court erred in this determination.

Defendant next contends that the conduct of the prosecutor and of the trial court combined to deprive him of a fair trial. He complains of three instances of allegedly improper conduct: (1) the prosecutor's remark regarding a two page "rap sheet," (2) the prosecutor's leading questions, and (3) the court's alleged error in recalling and questioning the officer.

■■ Although it is generally improper for a prosecutor to call attention to a defendant's other crimes (*People v. Lehman*, 5 Ill.2d 337, 125 N.E.2d 506), this prohibition is primarily applicable to jury trials. In this case, the prosecutor's remark about a two page rap sheet appears to have been inadvertent. It was directed to the police officer rather than the court, and made pursuant to determining whether the State was ready to proceed. Moreover, defendant made no objection to this remark at trial. On these facts, we doubt that this remark could have affected the trial court's decision in any way.

■■ It is well-accepted that leading questions are generally improper on direct examination because they suggest answers or because they refer to matters not in evidence. Generally, objections to leading questions relate to the form of question. The substance of an answer is not necessarily rendered improper because a leading question was asked. The same information may be elicited with proper questions. In the instant case, the record does not disclose defense objections to the prosecutor's leading questions. The trial court did not have an opportunity to rule on these matters. In these circumstances we believe the error was waived. *People v. Trefonas*, 9 Ill.2d 92, 136 N.E.2d 817.

■■■ A trial court may ask questions of witnesses if it does not abandon its impartiality. (*People v. Palmer*, 27 Ill.2d 311, 189 N.E.2d 265.) Here it is clear that the one or two questions asked by the court were for the purpose of clarifying facts. Moreover, defendant did not object at trial to these questions. Although defendant asserts that the court's partiality is reflected by a single instance where the court on its own motion instructed the defendant not to volunteer information and by its failure to instruct the prosecutor regarding leading questions, we cannot conclude from these actions that the court was biased. On the basis of these three instances of allegedly improper conduct, we cannot say that defendant did not receive a fair trial.

■■ Defendant also contends that if his misdemeanor conviction is reversed, the revocation of his probation must be reversed. The State argues that in such an alternative situation the standard of proof in a hearing on revocation of probation (preponderance of the evidence) is different

from that in a trial for a crime (beyond a reasonable doubt), and that therefore the revocation of defendant's probation should stand. In this case, it is clear that the revocation of defendant's probation was based solely on his subsequent conviction of a similar crime; no independent evidence was admitted at the hearing on the rule to show cause. Since we have found that no reversible error occurred in the misdemeanor conviction, the revocation of his probation based thereon was not error.

Defendant lastly contends that his sentence of eight to ten years upon revocation of his probation was excessive. He argues that he had no prior convictions and that the record of the hearing in aggravation and mitigation for the original felony conviction indicates that the State had recommended a sentence of only three to six years. The State argues that the sentence imposed was within statutory limits and that the new Code of Corrections is inapplicable since defendant did not appeal his original felony conviction when he was admitted to probation.

■■■■ The reviewing court has authority to reduce sentences but should not exercise this authority unless it appears that the sentence was grossly excessive since the trial court is in a better position to weigh the facts of the case. However, we are not unaware of the numerous changes in the law affecting these matters and of the Illinois Supreme Court's interpretation of these changes. A new Code of Corrections has been adopted and the Uniform Narcotic Drug Act under which defendant received probation has been repealed and replaced by the Controlled Substances Act. Moreover, section 8—2—4 of the new Code of Corrections states that "[i]f the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing, the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Smith-Hurd Ann. Stat. 1973-74 supp., ch. 38, par. 1008—2—4.) Although the State argues that final adjudication was rendered in the instant case since no appeal of the conviction was taken, it is apparent that the revocation of probation requires new sentencing of the defendant. Moreover, the sentencing provisions under the new code relate to the Controlled Substances Act rather than the Uniform Narcotics Act. In the light of these changes in the law, we believe we must interpret a sentencing upon revocation of probation to be a situation where the "sentencing stage" of the proceeding has not been reached. Therefore, since the penalty for possession of less than 30 grams of heroin (and the exact amount of heroin involved in the felony conviction is unclear), being a Class 3 felony, is a maximum of one to ten years and a minimum which is one-third the maximum (Smith-Hurd Ann. Stat. 1973-74 supp., ch. 56½, par. 1402(b); Smith-Hurd Ann. Stat. 1973-74 supp., ch. 38, par. 1005—8—1.), we believe defendant should

have been sentenced at most to a maximum of ten years and a minimum of three years and three months. Accordingly, the judgments in cases numbered 57133 and 57461 are affirmed, but the sentence in case No. 57461 is vacated and the cause remanded to the circuit court for proper resentencing.

Affirmed in part, sentence vacated and remanded in part.

ENGLISH and SULLIVAN, JJ., concur.