THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DOROTHY J. PERKINS, Defendant-Appellant.

Fourth District    No. 15099

Opinion filed January 30, 1979.—Rehearing denied February 14, 1979.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

This appeal involves the applicability of the sentencing election of section 8—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1008—2—4(b)) to an individual who was sentenced to probation prior to the effective date of the new sentencing act (Ill. Rev. Stat., 1977 Supp., ch. 38, pars. 1003—1—2 through 1008—2—4) but whose probation was revoked and a sentence of imprisonment imposed subsequent to that date. The effective date of the new act was February 1, 1978.

On May 6, 1976, defendant Dorothy Perkins pleaded guilty in the circuit court of Champaign County to aggravated battery and was

sentenced to a 2-year term of probation. On July 22, 1977, a petition to revoke her probation was filed with the court and, following a July 24, 1978, hearing thereon, the court found the allegations of the petition proved by the preponderance of the evidence. At an August 4, 1978, sentencing hearing, the court revoked defendant's probation and imposed a sentence of 1 to 3 years' imprisonment.

Section 8—2—4(b) of the new act provides in pertinent part:

> "If the defendant has not been sentenced before the effective date of this amendatory Act of 1977, he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977. If a sentence has been imposed before the effective date of this amendatory Act of 1977, the defendant shall not have the right of election even though his case has not been finally adjudicated on appeal." (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1008—2—4(b).)

Defendant argues that she should have been permitted to exercise the election and, alternatively, that to deny her the election violates due process and equal protection.

■■ Under the Unified Code of Corrections, probation is a sentence. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3(d)(1).) Defendant was therefore sentenced on May 6, 1976. Section 8—2—4(b) of the new act provides that one sentenced prior to February 1, 1978, "shall not have the right of election." No error occurred, therefore, in not permitting defendant to elect as to sentencing upon revocation of her probation.

Defendant cites *People v. Wilkerson* (1973), 14 Ill. App. 3d 504, 302 N.E.2d 653, and *People v. Bullion* (1974), 21 Ill. App. 3d 297, 314 N.E.2d 731, for support. In those cases, the defendants had been placed on probation prior to the effective date of the then new Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001—1 *et seq.*) and at a time when probation was not a sentence (see Ill. Rev. Stat. 1971, ch. 38, arts. 117 and 118; *People v. Kennedy* (1978), 66 Ill. App. 3d 35, 383 N.E.2d 255). Subsequently, their probation was revoked and sentences of imprisonment were imposed. The reviewing courts found the provisions of the then-in-effect Code to be applicable to the subsequent sentencings by virtue of the following provision of the Code:

> "If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4.)

The *Wilkerson* court ruled that an accused whose probation was revoked had not yet reached the "sentencing stage" of the proceedings.

The fact that prior to the effective date of the Code, probation was not a sentence and one placed on probation had not been sentenced distinguishes *Wilkerson* and *Bullion* from the instant case. Moreover, we find the language of present section 8—2—4(b) clear.

Further, defendant argues that since her case would not have required remandment for resentencing as she had been present before the trial court at the August 4 sentencing, she is within the class of persons to which the legislature intended the sentencing election to apply. She cites *People v. Grant* (1978), 71 Ill. 2d 551, 561-62, 377 N.E.2d 4, 9, where the supreme court stated:

> "[T]he legislature distinguished between those defendants, on the one hand, who had not yet been accorded any sentencing hearings prior to the cut-off date, and those, on the other hand, whose sentences, already imposed, would require remandments for additional sentencing hearings."

However, the record reveals that at the time of her guilty plea, defendant was offered a sentencing hearing and waived it. She was thus "accorded" a hearing and is not entitled to the election.

In passing, we note that our construction of section 8—2—4(b) is consistent with section 5—6—4(e) of the new act (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—6—4(e)). That section permits the court, upon a defendant's violation of a condition of probation, to "impose any other sentence that was available under Section 5—5—3 at the time of initial sentencing."

■■ Alternatively, defendant argues the unconstitutionality of the construction we here adopt. In *Grant*, however, the supreme court stated that "the ability to elect to be sentenced under a law enacted after the date of the commission of a crime is not a constitutional right but a benefit conferred solely by statute" and that "[i]t is not unconstitutional for the legislature to confer such benefit only prospectively" or "to specify 'a classification between groups differently situated, so long as a reasonable basis for the distinction exists.' (*People v. Spears* (1971), 50 Ill. 2d 14, 16.)" (71 Ill. 2d 551, 561, 377 N.E.2d 4, 9.) Having been sentenced once at a time prior to the effective date of the new sentencing act, defendant falls within the class of individuals to which the benefit of opting for sentencing under the new act is not conferred.

The order of the trial court revoking defendant's probation and sentencing her to 1 to 3 years' imprisonment is affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.