THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DENIER, Defendant-Appellant.

Second District   No. 78-206

Opinion filed September 19, 1979.

Mary Robinson and Paul Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko and Martin J. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, James Denier, appeals from a judgment which revoked his sentence of 18 months probation (for a second conviction of theft of property not exceeding $150 in value), and which sentenced him

to a term of 1-3 years imprisonment. He contends that since he was found to be a probation violator on March 6, 1978, he was entitled to elect to be sentenced under the 1977 amendment to section 8—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1008—2—4(b)), although the underlying offense was committed prior to the effective date of the new act, February 1, 1978. He also contends that he was entitled to and has been refused credit for time served on probation pursuant to section 5—6—4(i) of the Unified Code of Corrections. Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—6—4(i).

The sentencing election issue arises from the meaning of the word "sentenced" as used in the amendatory act. As pertinent the act provides:

> "* * * If the defendant has not been sentenced before the effective date of the amendatory Act of 1977, he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977. If a sentence has been imposed before the effective date of this amendatory Act of 1977, the defendant shall not have the right of election even though his case has not been finally adjudicated on appeal; * * *." Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1008—2—4(b).

In *People v. Grant* (1978), 71 Ill. 2d 551, 561-62, the constitutionality of the quoted section was upheld on the basis that it was reasonable to distinguish "between those defendants, on the one hand, who had not yet been accorded any sentencing hearings prior to the cut-off date, and those, on the other hand, whose sentences, already imposed, would require remandments for additional sentencing hearings." Defendant argues that he had not been accorded any sentencing hearing prior to the amendatory act. However, this argument is based on the premise that, when defendant was placed on probation he was not "sentenced," and relies on cases decided under previous amendatory acts based on the conclusion that probation was not then a sentence. See *People v. Ward* (1975), 32 Ill. App. 3d 781, 783; *People v. Wilkerson* (1973), 14 Ill. App. 3d 504, 510.

■■ This argument has been decided in *People v. Perkins* (1979), 67 Ill. App. 3d 911, 912-913, contrary to defendant's position. In *Perkins*, the court distinguished the same line of cases cited by defendant in this appeal and concluded that since probation is now a "sentence" (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3(d)(1)), a defendant has been "sentenced" when he is ordered on probation; and that if this has been accomplished prior to the effective date of the new act, a defendant is not within the class given the benefit of opting for sentencing under the new act. We find the reasoning in *Perkins* persuasive and adhere to it.

Defendant seeks to argue a distinction on the basis that in *Perkins* the defendant did not claim under section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1977, ch. 131, par. 4). As material this section provides:

> "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provisions may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

He reasons that since no judgment had been entered revoking his probation prior to the amendatory act the savings clause applies. We cannot agree.

The defendant received a sentencing hearing prior to the imposition of the sentence of probation and this was a "sentencing stage" of the proceedings, and that a final sentencing judgment was entered from which defendant could appeal. (See *People v. Perkins* (1979), 67 Ill. App. 3d 911, 912.) Section 4 does not give the defendant any additional basis for his argument. It has been early held that that section

> "* * * does not give the defendant the right to be sentenced under a law not in full force and effect at the time of his sentence. It could only apply to those classes of cases in which a new law had become effective prior to the date of the actual sentence. [Citations.]" (*People v. Lisle* (1945), 390 Ill. 327, 328.)

See also *People v. Knudsen* (1946), 394 Ill. 90, 93.

■■ Here, the record shows that the defendant was sentenced to 18 months probation on January 5, 1977, following a theft conviction on October 20, 1976, being his second conviction for theft of property not exceeding $150 in value and after a sentencing hearing. The fact that he was subsequently sentenced, on revocation of probation, for the original offense does not give him the right to be sentenced under an act which did not become effective until after the date of his sentence of probation. Moreover, section 4 is essentially a general "saving clause" applicable when a statute is repealed without a particular legislative statement of retroactivity. The amendatory act of 1977 particularized the class of persons who, not having been sentenced prior to the amendment, were eligible to opt for its provisions; it does not apply if final relief has been granted, as here, prior to the repeal of the former sentencing act. *Cf. People ex rel. Rudman v. Rini* (1976), 64 Ill. 2d 321, 326.

We also reject defendant's argument that he is entitled to further credit on his sentence. It is agreed that time served on probation is to be credited "unless the court orders otherwise" (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—6—4(i)). The court gave credit to a defendant for time spent by him in custody on a revocation charge and gave credit for 28

days which he had served in periodic imprisonment as a part of the probation order of January 5, 1977, for a total allowance of 30 days. The court said nothing about further probation time credit. The State argues that the clear implication is that the judge desired that only 30 days be credited against the sentence and that this comes within the term "unless the court orders otherwise." The defendant argues that the trial court's silence cannot be interpreted as a denial of the credit and that therefore the mandatory language of the statute controls.

In *People v. Dixon* (1976), 41 Ill. App. 3d 910, 913, this court held that the judge is required under the statute to make a "determination as to what credit should be given the defendant for time spent on probation against his prison sentence"; but held that the judge's statement that the defendant should not have any credit for "street time" but only for time actually spent in jail was such a determination. In *People v. Smithson* (1978), 65 Ill. App. 3d 564, 570-71, the judge explicitly gave defendant credit for time served in jail while on probation, but made no explicit finding on time spent unconfined. The reviewing court held that further credit was implicitly denied so as to satisfy the statute because the granting of credit for jail time showed that the judge was aware that more credit could be given but chose not to give the additional credit for time not served in jail. A similar conclusion was reached in *People v. Presley* (1979), 67 Ill. App. 3d 894, 898.

Here, the trial court gave credit for time spent in custody on the charges and also credit for time served in periodic imprisonment and referred to a "total allowance" of 30 days. Implicitly, this was a judicial order denying credit for the time during which defendant was on unconfined probation.

The judgment is affirmed.

Affirmed.

NASH and LINDBERG, JJ., concur.