THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP K. GUTHRIE, Defendant-Appellant.

Fourth District    No. 15602

Opinion filed December 19, 1979.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Marc D. Towler and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Phillip K. Guthrie appeals from a single sentence of 6 to 18 years imposed by the circuit court of Macon County on February 28, 1979, for the offenses of burglary, armed violence, and possession of burglary tools. The case was before that court on remand from this court in *People v. Guthrie* (1978), 60 Ill. App. 3d 293, 376 N.E.2d 425, wherein we affirmed the foregoing convictions but reversed an accompanying conviction for unlawful use of weapons. We ordered resentencing because that conviction was considered in the previous sentencing. The sentence imposed on resentencing was the same sentence previously ordered.

Defendant makes two claims of error. He asserts that the resentencing court abused its discretion in imposing the same sentence although the weapons conviction and a conviction of theft of property of a value in excess of $150 in another case which were then aggravating factors before the court had been set aside and defendant had shown remarkable rehabilitation to have taken place since that sentencing. He also

maintains that in resentencing, the trial court considered a prior murder conviction which had been reversed on appeal with a retrial resulting in a conviction for involuntary manslaughter.

■■ The most serious offense for which the previous and present sentences were imposed was burglary which on October 17, 1976, the date of the offense, was a Class 2 felony for which an indeterminate term of imprisonment with a minimum of not less than 1 year and a maximum of not more than 20 years might be imposed. The armed violence conviction arose from defendant's use of a gun in committing the offense. The weapons conviction was reversed for lack of proof that the gun was concealed. Thus, the fact that the weapons conviction was no longer before the court would not require the imposition of a lesser sentence. Neither does the reversal of the theft conviction. The instant sentence was made consecutive to that sentence. As that sentence has been reversed, the instant sentence is no longer consecutive to any sentence and the defendant has already received benefit from that reversal. The trial court was not required to also give recognition of that reversal by imposing a lesser sentence here.

The force of defendant's argument comes from evidence of his rehabilitation since the prior sentence. He confessed to previously having a very bad attitude and purported to have determined to change himself. Evidence indicated that he had done so. While in prison, he had worked in its library as a law clerk. The head librarian had described him as trustworthy, polite, hardworking, and capable, possessing both initiative and desire. While in prison, he and another inmate had spent a great deal of time on two inventions, one of which had attracted attention of several manufacturers. An attorney who had helped the two with legal work connected with their inventions testified to defendant having helped in establishing communication with another inmate whom the lawyer had been appointed to defend. A prison official wrote describing defendant as an excellent prisoner. Two deputy sheriffs who had known defendant before he went to prison testified to defendant being a changed person and very cooperative when he was brought back to the Macon County jail prior to the resentencing. Defendant was then made a trusty.

The State does not dispute that substantial rehabilitation had taken place.

Section 5—5—3(d) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(d)) provides that the court shall, upon resentencing, hold a hearing "which may include evidence of the defendant's life, moral character, and occupation during the time since the original sentence was passed."

Defendant contends that the trial court refused to consider

defendant's rehabilitation. He cites remarks of the court prior to imposing the new sentence when the court explained the nature of defendant's offenses and then stated,

> "I would agree with Mr. Guthrie. I think he has misdirected this intelligence. But the letters that we have from the penitentiary and the testimony from the deputy sheriffs, that has been a Mr. Guthrie that has been under a controlled situation. We don't know how he will act once he is released. I am very hopeful that Mr. Guthrie has changed. But the court, again, in determining a sentence, must take into account the character of the defendant, the nature and circumstances of the offense, and any other offenses that he has had."

We do not construe the court's remarks to indicate it was ignoring defendant's rehabilitation. Rather, we consider them to show (1) a concern on the court's part that defendant's exemplary behavior while "in a controlled situation" may not continue when he is granted freedom, and (2) the court's conclusion that the offenses for which defendant was convicted and his prior criminal record require a substantial sentence. A presentence report was waived by the parties and is not before us in the record here. The record does show defendant to have previously been convicted of involuntary manslaughter. We look very carefully at the record when after a sentence is reversed and on resentencing the same sentence is imposed. However, in view of this record we do not find the "presumption of validity" of the nearly maximum sentence imposed by the court to have been "rebutted" even though the sentence is the same as previously imposed and very substantial evidence of defendant's rehabilitation was presented. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1.

The question of whether the trial court improperly considered a murder conviction of defendant's which had been reversed on appeal also arises from the court's remarks upon resentencing. It recited that it had been presented with a document indicating the defendant to have been convicted of manslaughter on retrial and stated "I think his first trial resulted in conviction of murder during a robbery." The court then went on to state that although the illegal-use-of-weapons conviction in the instant case had been reversed for lack of showing that the weapon defendant possessed in committing the instant offense was concealed, he, nevertheless possessed a weapon, ready to fire. The court then stated, "Mr. Guthrie, at the time of the commission of this offense, had to know that his conduct would very seriously harm other people. After all, an individual had already been killed by Mr. Guthrie's act." Although the court recited the existence of the reversed murder conviction, the court's further description of the episode giving rise to that conviction as one

where an individual had "been killed by Mr. Guthrie's act" indicated the court was not treating the episode as a murder, but a lesser type of killing. The mere fact that the judge knew of the reversed conviction would not constitute error. *People v. Glover* (1975), 27 Ill. App. 3d 827, 327 N.E.2d 310.

For the reasons stated, we affirm.

Affirmed.

MILLS, P. J., and TRAPP, J., concur.