THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES REA, Defendant-Appellant.

Fifth District    No. 79-146

Opinion filed December 28, 1979.

John H. Reid and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (William S. Zale and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Charles Rea, appeals from his sentence to imprisonment for not less than two years nor more than 10 years upon his conviction of attempt murder of his wife. This is the second time this case is before us on appeal. Defendant was previously convicted of attempt murder and sentenced to not less than two years nor more than 10 years imprisonment; however, that conviction was reversed and case remanded for a retrial (*People v. Rea* (1977), 47 Ill. App. 3d 353, 362 N.E.2d 1).

The evidence established that on December 24, 1974, defendant acquired a gun which he had purchased on December 21, 1974. Subsequently, on the morning of December 26, 1974, Victoria Rea, defendant's wife, was driving to work and passed the defendant traveling in the opposite direction on Route I-70. He turned his automobile around; and when he caught up with Mrs. Rea, he motioned for her to pull over. After she complied, the defendant entered her car, and they began discussing their marital difficulties. The defendant then struck his wife and left the car. Mrs. Rea then proceeded in a direction other than towards her place of employment and, after observing that defendant was following her, she attempted to elude him at speeds in excess of 90 miles per hour. When he later blocked the road in front of her, Mrs. Rea pulled into the driveway of a house whose residents she did not know. The defendant approached the driver's side of his wife's vehicle and asked that she talk to him. When she looked at him, defendant shot her in the head through the window. The projectile went into the floor of her mouth, ricocheted and lodged in the top of her head. Defendant fired twice more, one of the bullets striking her in the center of her back and coming out above her armpit. Mrs. Rea received aid from the people living in the neighborhood and was rushed to the hospital. The defendant returned to his home. He then called his brother and told him that he thought he had hurt his wife.

The defendant and his wife had been separated since the later part of November 1974 when Mrs. Rea left the marital residence taking the two children of the marriage.

Defendant first contends his sentence is excessive, and he requests

that this court reduce the sentence to probation or a penal sentence of from one to two years.

■■■ Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615), which authorizes the court of review to reduce the punishment imposed by the trial court, was not intended to grant a court of review the authority to reduce a penitentiary sentence to a sentence of probation. (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300.) Further, we find that defendant's sentence does not require reduction. Considering the nature and circumstances of the offense, which involved the premeditated, repeated shooting of his wife after a prior high-speed chase, the sentence imposed by the trial court was not an abuse of discretion (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882), nor was it contrary to the standard established by this court in *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670. Also, to grant probation as requested by defendant would deprecate the seriousness of the offense.

Defendant finally contends that the trial court erred in failing to advise him of his right to elect the law under which he was to be sentenced pursuant to section 8—2—4(b) of the Unified Code of Corrections, as amended, (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b)). The foregoing provision states, in part:

"Prosecution for any violation of law occurring before the effective date of this amendatory Act of 1977 is not affected or abated by this amendatory Act of 1977. If the defendant has not been sentenced before the effective date of this amendatory Act of 1977, he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977. If a sentence has been imposed before the effective date of this amendatory Act of 1977, the defendant shall not have the right of election even though his case has not been finally adjudicated on appeal; however, where eligible, he shall have the rights provided by Section 3—3—2.1 of this Code."

The State contends that the foregoing provisions are inapplicable to the present case because defendant previously had been sentenced to a term of imprisonment on June 1, 1975, which was prior to the February 1, 1978, effective date of the amendatory act. *People v. Perkins* (1979), 67 Ill. App. 3d 911, 385 N.E.2d 184, and *People v. Mitchell* (1979), 76 Ill. App. 3d 878, 395 N.E.2d 696, are relied on by the State in support of this contention. In each of these cases, defendant had been placed on probation prior to the effective date of the amendatory act and then sentenced to a term of imprisonment when his probation was revoked subsequent to its effective date. The court in *Mitchell* stated: "Under the

Unified Code of Corrections, probation is a sentence. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3(d)(1).)" *(People v. Mitchell* (1979), 76 Ill. App. 3d 878, 880, 395 N.E.2d 696, 698), and concluded that the defendant was not entitled to elect between the two sentencing laws when his probation was revoked.

■■ The State's reliance on *Perkins* and *Mitchell* is misplaced, however, because the sentence of defendant in this cause was based on a finding of guilty that was subsequently reversed on appeal. It is a well-established rule that the effect of a reversal of the trial court by a court of appeals is to abrogate the order or judgment reversed and to leave the proceeding as it stood prior to the entry of the order or judgment. The order or judgment is, in effect, expunged from the records. *(Cf. People ex rel. Doss v. Doss* (1975), 35 Ill. App. 3d 365, 342 N.E.2d 60; *Ure v. Ure* (1906), 223 Ill. 454, 79 N.E. 153.) Consequently, defendant's sentence on June 1, 1975, was rendered a nullity, and it cannot be said that he was sentenced prior to February 1, 1978. Therefore, defendant's first sentence on a conviction that was later reversed on appeal does not constitute a sentence within the purview of section 8—2—4(b) of the Unified Code of Corrections, as amended (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b)), and does not deprive defendant of the right of election granted therein.

Notwithstanding defendant's right to elect to be sentenced under the amendatory act, he does not contend that he would have made such election. To the contrary, defendant asks to be admitted to probation or, in the alternative, that his sentence be reduced to a term of imprisonment from one to two years. Neither of these sentences is permissible under the amendatory act. A sentence to probation may not be imposed for attempt murder under its provisions (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(c)(2)(B)); and, further, all sentences to imprisonment under the amendatory act "shall be a determinate sentence" (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)).

Although the trial court improperly failed to advise defendant of his right to elect to be sentenced either under the prior law or the current provision, he was sentenced under the prior law and now suggests alternative sentences under the same law. Had he been advised of his right to elect to be sentenced under the provisions of the law now in effect and had he elected to be sentenced thereunder, his sentence would have been for a determinate term between 1 and 30 years and with no possibility of probation. The fact that defendant asks this court to reduce his sentence to a term of probation or, alternatively, to an indeterminate term of imprisonment is indicative of his election to be sentenced under the law in effect prior to February 1, 1978.

■■ Defendant cannot be said to have been prejudiced by the failure of the trial court to afford him an opportunity to elect to be sentenced under

the sentencing amendment to the Unified Code of Corrections effective February 1, 1978. We will not reverse the trial court merely because error has been committed unless it appears that justice has been denied. *Cf. People v. Collins* (1979), 70 Ill. App. 3d 413, 387 N.E.2d 995; *People v. Tranowski* (1960), 20 Ill. 2d 11, 169 N.E.2d 347, *cert. denied* (1960), 364 U.S. 923, 5 L. Ed. 2d 262, 81 S. Ct. 290.

Finding that oral argument would be of no assistance to the court in reaching its conclusion and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 352(a)).

For the foregoing reasons, the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.