THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS D. CRETTON, Defendant-Appellant.

Fifth District   No. 79-343

Opinion filed July 1, 1980.—Supplemental opinion filed on denial of rehearing August 7, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley and Gaye Bergschneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is the second time this case is before us. Previously, we affirmed defendant's conviction for armed robbery but vacated his sentence of 20 to 40 years because of the possibility that the court considered improper factors in sentencing. (*People v. Cretton* (1979), 69 Ill. App. 3d 1103 (Rule 23 opinion).) On remand, the Circuit Court of Madison County imposed a sentence of not less than 9 nor more than 18 years, which the defendant now appeals.

At the resentencing hearing, the court heard testimony from the defendant and his parents. Defendant complained that authorities at the Menard Correctional Center, where he has been confined, do not allow him to participate in rehabilitation or GED programs. Defendant is in the protective custody unit at Menard because, as he testified, he "couldn't handle" being part of the prison's general population and got involved in several fights during his first two weeks at Menard. Despite the lack of formal programs, however, defendant believes that he has rehabilitated himself, improved his attitude, and gotten to know himself better. His parents agreed that defendant has learned discipline and responsibility. No testimony was offered by prison authorities to support or rebut defendant's statements.

Defendant's first contention is that he was entitled to elect between application of the old and new versions of the Unified Code of Corrections because resentencing occurred after February 1, 1978. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b).) Section 8—2—4 of the amended code provides:

"If the defendant has not been sentenced before the effective date of this amendatory Act of 1977 [February 1, 1978], he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977. *If a sentence has been imposed before the effective date of this amendatory Act of 1977, the defendant shall not have the right of election even though his case has not been finally adjudicated on appeal * * *.*" (Emphasis added.)

Defendant argues that because his initial sentence was vacated, he stands in the posture of "a defendant [who] has not been sentenced before the effective date" of the amended code, and is therefore entitled to election. We disagree. The amended section 8—2—4 states plainly that the right to election does not apply to defendants whose sentences were imposed prior to February 1, 1978, even if those sentences were appealed. Although appeal carries with it the obvious possibility of reversal or vacation, the legislature established that the outcome of the appeal would not confer the right to election under the new code. *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, 156, 387 N.E.2d 692, 694.

We have held that upon revocation of a term of probation which had been imposed prior to February 1, 1978, a defendant sentenced to imprisonment after the effective date of the new Unified Code of Corrections was not entitled to election. (*People v. Mitchell* (1979), 76 Ill. App. 3d 878, 395 N.E.2d 696.) We reasoned that probation constituted a sentence within the meaning of the code, and so long as any sentence whatsoever was imposed prior to the effective date, the new statute did not apply. Accord, *People v. Denier* (1979), 76 Ill. App. 3d 214, 394 N.E.2d 1073; *People v. Perkins* (1979), 67 Ill. App. 3d 911, 385 N.E.2d 184.

In contrast, we have held that a defendant whose conviction is reversed and who is later retried and convicted, is entitled to election if his resentencing occurs after February 1, 1978. (*People v. Rea* (1979), 80 Ill. App. 3d 77, 399 N.E.2d 302.) Our decision in *Rea* was based on the principle that reversal of a conviction renders the judgment, and therefore the accompanying sentence, a nullity. The instant case is not analogous to *Rea* because defendant's conviction was affirmed, although his sentence was vacated.

● 1 As the supreme court explained in *People v. Grant* (1978), 71 Ill. 2d 551, 561-62, 377 N.E.2d 4, 7, the new statute distinguishes "between those defendants, on the one hand, who had not yet been accorded any sentencing hearings prior to the cut off date, and those on the other hand, whose sentences, already imposed, would require remandments for additional sentencing hearings." It follows from *Grant* that a defendant whose conviction is affirmed but whose sentence is vacated may not claim the right of election under the new act, because such defendants fall within the class of persons "whose sentences, already imposed, would require remandments for additional sentencing hearings."

Defendant refers us to *People v. Hammonds* (1974), 21 Ill. App. 3d 5, 314 N.E.2d 711, in which we decided that amendments to the code were applicable to a defendant whose conviction had been reversed and who was retried, convicted and sentenced following the effective date of the amendments. *Hammonds*, however, turned on our interpretation of a section in the 1973 Code not here in issue.

■■ We note from the record that defendant explicitly understood that he

was being sentenced under the old code and did not request sentencing under the new code. Moreover, defense counsel twice specifically requested a sentence of four to six years. This sentence is not authorized under the current code, which classifies armed robbery as a Class X felony (Ill. Rev. Stat. 1979, ch. 38, par. 18—2) punishable by determinate sentence of not less than 6 nor more than 30 years' imprisonment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2). Having failed to request election at the sentencing hearing and having further requested a sentence that could have been possible only under the prior code, defendant cannot complain of that code's application. *People v. Rea* (1979), 80 Ill. App. 3d 77, 399 N.E.2d 302.

The sentence imposed on remand was less than half the term of imprisonment initially ordered. After hearing the defendant's testimony, the court based its sentence on the nature and circumstances of the offense, defendant's lengthy juvenile record, and the presentence investigation, and did not consider any improper factors.

Defendant maintains that the court erred in not giving sufficient weight to defendant's testimony concerning his rehabilitation. A defendant's rehabilitative potential, while significant, is not the sole dispositive factor in sentencing. *People v. Piontkowski* (1979), 77 Ill. App. 3d 994, 397 N.E.2d 36; *People v. Guthrie* (1979), 79 Ill. App. 3d 403, 398 N.E.2d 406.

In its remarks after pronouncing sentence, the court erroneously computed the date on which defendant would become eligible for parole, but after reviewing the record of the entire hearing, we are convinced that the court did not base its sentence on this inaccuracy.

■■ According to the standard for review of sentences imposed under the former code, a sentence may not be modified unless it is an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We find no such abuse in the record before us. Finding further that oral argument would be of no assistance to the court, we have taken this case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)) and we affirm the sentence and judgment of the Circuit Court of Madison County.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KARNS delivered the opinion of the court:

The defendant filed a petition for rehearing in which he calls to our attention a misstatement of the term of defendant's original sentence. Defendant's initial sentence was not 20 to 40 years, rather 10 to 20 years.

186

Nonetheless, we cannot say that the sentence of 9 to 18 years imposed was an abuse of discretion under the standard for review set out in *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882. Accordingly, the petition for rehearing is denied.

KASSERMAN and HARRISON, JJ., concur.