THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFFORD HUDSON, Defendant-Appellant.

First District (4th Division)    No. 80-468

Opinion filed July 2, 1981.

James J. Doherty, Public Defender, of Chicago (Mary Ann Wilson and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and Bruce Rose, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

In 1976, defendant Clifford Hudson was convicted of murder and sentenced to 14 to 20 years imprisonment. In 1979 we reduced the degree of the offense pursuant to Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(3)) from murder to voluntary manslaughter and remanded the cause for sentencing on the lesser offense. (*People v. Hudson* (1979), 71 Ill. App. 3d 504, 390 N.E.2d 5.) On remand, in 1980, the trial court denied defendant's motion to be sentenced under the new sentencing laws effective February 1, 1978, and sentenced defendant under the prior law to 6½ to 19½ years imprisonment.

The issue presented here is whether the new provisions of the Unified Code of Corrections for determinate sentencing (Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4(b)) apply only in the event a sentence has not been imposed before February 1, 1978, or whether a defendant may elect to be sentenced thereunder when he was initially convicted and sentenced prior to February 1, 1978, but subsequent to that date the degree of the offense was reduced on appeal and the cause remanded for resentencing. We believe that the election to be sentenced under the new determinate sentencing law is not available in that situation.

The fundamental question is whether defendant here is considered to have been sentenced prior to February 1, 1978. Section 8—2—4(b) of the Unified Code of Corrections, as amended effective February 1, 1978, provides:

"If the defendant has not been sentenced before the effective date of this amendatory Act of 1977, he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977. If a sentence has been imposed before the effective date of this amendatory Act of 1977, the defendant shall not have the right of election even though his case has not been finally adjudicated on appeal." Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4(b).

In reliance on *People v. Rea* (1979), 80 Ill. App. 3d 77, 399 N.E.2d 302, defendant argues that the effect of our reduction of the degree of the offense was tantamount to a reversal of the murder conviction. Consequently, he contends, the murder conviction and initial sentence are void and the sentence imposed on remand becomes the "initial sentence." We disagree. We clearly could not, as defendant claims, *reverse* his murder conviction (Supreme Court Rule 615(b)(1)) and then enter a conviction on another offense. Such action is *ultra vires* our power. Our reduction of the degree of the offense of which defendant was convicted necessitated remand of the cause for a concomitant decrease in the sentence imposed.

In *People v. Rea* (1979), 80 Ill. App. 3d 77, 399 N.E.2d 302, the court

found that election as to the sentencing law to be applied was available.[1] In that case, defendant was convicted of attempt murder and appealed. His original conviction was reversed (*People v. Rea* (1977), 47 Ill. App. 3d 353, 362 N.E.2d 302), and the cause remanded for a new trial. On remand, defendant was again convicted of attempt murder and appealed due to the trial court's failure to advise him of his right to elect to be sentenced under the amended Unified Code of Corrections. The appellate court stated that "the effect of a reversal of the trial court by a court of appeals is to abrogate the order or judgment reversed and to leave the proceeding as it stood prior to the entry of the order or judgment. The order or judgment is, in effect, expunged from the records." (*People v. Rea* (1977), 80 Ill. App. 3d 77, 80.) Consequently, the appellate court concluded that the initial sentence was also null, and the defendant could not be said to have been sentenced prior to February 1, 1978.

That appellate court reached a differing conclusion in *People v. Cretton* (1980), 86 Ill. App. 3d 182, 407 N.E.2d 1025. In that case defendant was convicted of armed robbery and sentenced to 10 to 20 years imprisonment prior to 1978. The appellate court affirmed the conviction but vacated the sentence. On remand for resentencing, after the effective date of the new sentencing provisions, the trial court sentenced defendant under the old law to 9 to 18 years imprisonment. On appeal defendant argued that he should have been allowed to elect to be sentenced under the new law because the resentencing occurred after February 1, 1978. The court distinguished *People v. Rea* on the ground that there the initial sentence was void because the conviction was reversed while in *Cretton* the underlying conviction was affirmed. It stated that:

> "It follows from *Grant* [*People v. Grant* (1978), 71 Ill. 2d 551, 377 N.E.2d 4] that a defendant whose conviction is affirmed but whose sentence is vacated may not claim the right of election under the new act, because such defendants fall within the class of persons 'whose sentences, already imposed, would require remandments for additional sentencing hearings.'" *People v. Cretton* (1980), 86 Ill. App. 3d 182, 184.

Similarly, in *People v. Lowther* (1980), 85 Ill. App. 3d 735, 741, 407 N.E.2d 1038, the appellate court held that defendant, who was originally convicted and sentenced in 1977 and resentenced in July 1978, was properly resentenced under the old law. Our supreme court had ordered that the sentence imposed by the trial court in 1977 be vacated and the cause remanded for resentencing "within the limit prescribed by law (Ill.

---

[1] The conviction in *Rea* was affirmed. However, defendant requested this court to impose alternative sentences only available under the old law. Therefore defendant was not prejudiced by the lack of an election of sentencing laws at the second sentencing hearing.

Rev. Stat. 1975, ch. 38, sec. 1105—8—4(c))."[2] The *Lowther* court also distinguished *People v. Rea* on the ground that in *Lowther* the defendant's conviction was reversed on appeal. Furthermore, it found that the underlying sentences were not rendered nullities as in *Rea* because the court's order was directed to the unlawful aggregate maximum and minimum periods of consecutive sentences rather than to the individual sentences. Additionally, the appellate court noted that the trial court was bound to comply with the specific mandate of the supreme court concerning the section and year of the Unified Code of Corrections referred to in its order.

In the instant case we did not vacate the conviction and remand for a new trial as in *People v. Rea*, but rather affirmed the conviction as modified and remanded for resentencing only, similar to *People v. Cretton* and *People v. Lowther*. We conclude that the latter decisions control here. Therefore, the trial court did not err in denying defendant's motion to make an election as to the applicable sentencing law.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

ROMITI, P. J., and JOHNSON, J., concur.

---

[2] The court concluded in *Lowther* that the supreme court intended to refer to section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(c)) when it mistakenly cited "sec. 1105—8—4(c)."