(No. 59590

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GEORGE MAYA *et al.*, Appellees.

*Opinion filed January 23, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Michael E. Shabat and David C. Kluever, Assistant State's Attorneys, of counsel), for the People.

James J. McGraw, of Jerome Kornfeld & Associates, P.C., of Chicago, for appellee Mario Maya.

Joseph A. Ettinger and Rick M. Schoenfield, of Ettinger & Schoenfield, Ltd., of Chicago, for appellee George Maya.

JUSTICE WARD delivered the opinion of the court:

George Maya and Mario Maya were indicted in the circuit court of Cook County for the illegal possession and delivery of cocaine and methaqualone. On the third day of their bench trial, the prosecution and defense had completed the presentation of evidence when the court called a recess in preparation for hearing closing arguments. When the court reconvened five minutes later, the defendants were absent from the courtroom. After a time, the defendants not appearing, the trial proceeded with the defendants *in absentia* under section 115—

4.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a); *People v. Flores* (1984), 104 Ill. 2d 40). The defendants were found guilty, and the court, after forfeiting their bonds and issuing bench warrants for their arrest, set the case for a sentencing hearing. The defendants did not appear at the sentencing hearing, and each was given *in absentia* a 12-year sentence. Following this, the trial court ordered the allowance of attorney fees from the forfeited cash bond deposits. The court then entered bond-forfeiture judgments in favor of the State in the amount of the balance in the bond deposit and two judgments for the State in the amount of the appearance bonds. The State appealed to the appellate court contending that section 110—7(h) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(h)) (since relettered to subparagraph (g) by Public Act 83—336), required that the trial court forfeit to the State the entire amount of the bond deposits, less costs, and that the allowance of attorney fees was error. The appellate court affirmed the order awarding fees but vacated the fee awards themselves and remanded to the circuit court for a hearing on the reasonableness of the fees. (119 Ill. App. 3d 961.) We granted the State's petition for leave to appeal under our Rule 315(a) (87 Ill. 2d 315(a)).

The details of the defendants' representation by the attorneys involved are set out in the appellate court's opinion, and it is not necessary to restate them here.

Section 115—4.1(a), under which the court allowed attorney fees, provides:

"Absence of defendant.

(a) When a defendant after arraignment *** fails to appear for trial *** the court may commence trial in the absence of the defendant. *** The court, at the conclusion of all of the proceedings, may order the clerk of the circuit court to pay counsel such sum as the court deems

reasonable, from any bond monies which were posted by the defendant with the clerk, after the clerk has first deducted all court costs. *If trial had previously commenced in the presence of the defendant and the defendant willfully absents himself for two successive court days, the court shall proceed to trial.* \*\*\* (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a).

The State contends that the provision granting the court the discretion to award fees applies only where the defendant absents himself before the commencement of trial. This is based on a disjunctive interpretation of the conditional language "[i]f trial had previously commenced \*\*\*" in the section (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a)). Thus, the argument is, once a trial has begun and the defendant absents himself, a court has no discretion to award attorney fees to a privately engaged attorney who, in the State's view, presumably had earlier made fee arrangements with the defendant.

This court in *Gill v. Miller* (1983), 94 Ill. 2d 52, 56, stated:

> "It is fundamental that in construing a statute a court is to ascertain and give effect to the legislature's intent. \*\*\*
>
> In ascertaining the legislature's intent we should consider the statute in its entirety, noting the subject it addresses and the legislature's apparent objective in enacting it."

(See *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 369; *Chastek v. Anderson* (1981), 83 Ill. 2d 502, 510-11.) In enacting section 115—4.1(a), we consider that the legislature's intention was to provide for a trial *in absentia*, within constitutional limits, if a defendant wilfully and without justification absented himself from trial. The Senate debates show that the legislature was particularly concerned with assuring a defendant's constitutional right to the effective assistance of counsel (81st Gen. Assem., Transcript of Senate Proceedings,

June 27, 1979, at 220) and, to accomplish this, gave the trial court authority to award reasonable fees from the defendant's bond deposit. Considering this, it would be unreasonable to hold that the authority to award fees was to be contingent on the actual point in a trial proceeding that the defendant chooses to absent himself.

Furthermore, we judge that there is no reasonable ground to distinguish between appointed and privately retained counsel as the State urges us to do. It is generally known that often attorneys in making fee arrangements will look to the defendant's bond deposit for full or partial compensation. Section 115—4.1(a) itself makes no distinction between retained or appointed counsel in authorizing the allowance of fees.

An alternate argument of the State is that the provisions of section 115—4.1(a) are in conflict with section 110—7(h), which, it says, requires the court to forfeit the entire bond deposit of a defendant who does not appear for trial. Section 110—7(h) provides:

"Deposit of Bail Security

\* \* \*

(h) If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. \*\*\* If the accused does not appear \*\*\* the court shall enter judgment for the State \*\*\*. The deposit made in accordance with paragraph (a) shall be applied to the payment of costs. If any amount of such deposit remains after the payment of costs it shall be applied to payment of the judgment \*\*\*. The balance of the judgment may be enforced and collected in the same manner as a judgment entered in a civil action." Ill. Rev. Stat. 1981, ch. 38, par. 110—7(h).

Not unreasonably, it is presumed that statutes which relate to one subject are governed by one spirit and a single policy, and that the legislature intended the enactments to be consistent and harmonious. (*People ex rel. High School District No. 231 v. Hupe* (1954), 2 Ill. 2d

434, 448; *Ketcham v. Board of Education* (1927), 324 Ill. 314, 317.) Too, it is clear that sections *in pari materia* should be considered with reference to one another so that both sections may be given harmonious effect. (*People v. Scheib* (1979), 76 Ill. 2d 244; *Galvin v. Galvin* (1978), 72 Ill. 2d 113; *People v. Wallace* (1920), 291 Ill. 465; 2A A. Sutherland, Statutory Construction secs. 46.05, 51.03 (4th ed. rev. 1984).) Even when in apparent conflict, statutes, insofar as is reasonably possible, must be construed in harmony with one another. See *People ex rel. Community High School District No. 231 v. Hupe* (1954), 2 Ill. 2d 434; 2A A. Sutherland, Statutory Construction sec. 51.02 (4th ed. rev. 1984).

We consider that the legislative intendment was to give the court authority under section 115—4.1(a) to first award in its discretion reasonable fees from a bond deposit and for the court thereafter to grant, under section 110—7(h), judgment for the State in the amount of the bond-deposit balance, if any, remaining. This interpretation reconciles and permits giving effect to both sections. To hold that the court is required to first enter judgment in favor of the State in the amount of the bond deposit would, of course, exhaust the deposit and leave nothing to permit giving effect to the provisions of section 115—4.1(a). This would unnecessarily render those provisions a nullity in violation of principles of statutory construction.

As stated, a court's obligation is to ascertain and give effect to the legislative intent. (*Gill v. Miller* (1983), 94 Ill. 2d 52, 56.) This is, of course, true when construing statutes *in pari materia*. (*Cf. Galvin v. Galvin* (1978), 72 Ill. 2d 113 (legislative intent considered in reconciling contradictions in venue provisions in act regarding separate-maintenance actions).) Under the interpretation we give here the legislative intent under both sections will be given effect. As stated above, section 115—4.1(a)

gives the court discretion to award reasonable fees to insure that an accused's right to the assistance of counsel is honored. Section 110—7(h) provides financial incentives to a defendant to appear when required by allowing forfeiting of his bond deposit of 10% and authorizing judgment for the State in the full amount of his appearance bond if he fails to appear. See *People ex rel. Gendron v. Ingram* (1966), 34 Ill. 2d 623.

Here the court awarded all of Mario Maya's $10,000 deposit to trial counsel and made $3,000 of George Maya's $10,000 deposit subject to an attorney lien. A judgment for the balance of $7,000 was entered for the State, and judgments in favor of the State for $100,000, the amount of the appearance bond, were entered against each defendant. The court thus exercised its discretionary authority under section 115—4.1(a) and also entered judgments for the State under section 110—7(h).

The State protests that this construction is contrary to the mandatory language of section 110—7(h) that "the court shall enter judgment for the State" (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(h)). The State says that by recognizing the court's discretion to award fees, the provision "shall" is nullified and financial bond deposits are reduced to a fund for attorney fees.

The legislature has made bond deposits the subject of more than one enactment. It has been observed that "[w]hen the legislative intention can be gathered from a consideration of all the legislation on the subject, words of a particular section may be modified or altered so as to obviate all inconsistency with such intention." (*People ex rel. Community High School District No. 231 v. Hupe* (1954), 2 Ill. 2d 434, 448.) When the passage of more than one statute has resulted in confusion not foreseen by the legislature, this court has held that "the courts must construe the acts to reflect the obvious intent of the legislature even if the words of a particular section

must be read as modified or altered so as to comport with the legislative intent." (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 313.) It follows that "shall" in section 110—7(h) should be given only a directory meaning under the circumstances here.

The appellate court held on the assumption that the two statutes were to be deemed to be in conflict, that the more specific statute, *i.e.*, section 115—4.1(a), would govern. Also on the assumption of the two statutes being in conflict, section 115—4.1(a) would govern, the court said, because it was more recently enacted. However, because we consider the statutes to be reconcilable, we need not resort to any aids of statutory construction. (*People v. Bailey* (1983), 116 Ill. App. 3d 259.) The statutes here reasonably harmonize.

The appellate court correctly vacated the fees awarded because the trial court did not determine that they were reasonable. Section 115—4.1(a) requires that fees awarded be reasonable, and this court has held that factors which the court must consider include, but are not limited to, the time spent and services rendered, the attorney's skill and experience, the complexity of the case, trial costs, and overhead expenses. *People v. Johnson* (1981), 87 Ill. 2d 98, 106.

For the foregoing reasons, the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Cook County for a hearing on the reasonableness of the fees.

> *Judgment affirmed;*
> *cause remanded,*
> *with directions.*