THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARMANDO BARRAZA, Defendant (Fred M. Morelli, Jr., Petitioner-Appellant).

Second District   No. 2—89—0277

Opinion filed February 1, 1990.

Fred M. Morelli, Jr., of Law Offices of Fred M. Morelli, Jr., of Aurora, *pro se*, and Vincent C. Argento, of Law Offices of Vincent C. Argento, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

The petitioner, attorney Fred M. Morelli, Jr., represented the defendant, Armando Barraza, at his trial conducted *in absentia*. After the defendant was convicted, the trial court disposed of the defendant's bond, which had been forfeited, by allocating approximately one-third each to the petitioner's attorney fees, the City of Aurora, and the County of Kane. The petitioner now appeals, claiming that he was entitled to have the full amount of his attorney fees paid from the defendant's forfeited bond before any amount was allocated to the State. We reverse and remand for further proceedings.

The record reveals that the defendant was charged in connection with a drug-related offense and that he retained the petitioner to represent him. The defendant agreed to pay a fee of $15,000 for the petitioner's services, and $2,000 was paid to the petitioner in advance. Sometime before the case went to trial, the defendant fled the jurisdiction, and his $20,000 bond deposit was forfeited (see Ill. Rev. Stat. 1987, ch. 38, par. 110—7). The defendant was subsequently tried *in absentia* pursuant to section 115—4.1 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1). At some point, the petitioner sought to withdraw from the case because of an alleged death threat against his life by the defendant. The petitioner did not, however, withdraw. The defendant was convicted, and the trial court imposed a sentence of 18 years' imprisonment and a fine of $100,000. This "street value" fine was assessed against the defendant as provided in section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1).

Before sentence was imposed, the petitioner filed a petition seeking to have his attorney fees paid out of the defendant's forfeited bond deposit pursuant to section 115—4.1(a). The petition stated that the petitioner had spent 44 hours on the defendant's behalf in court, and 70.7 hours on the defendant's case while not in court. The petitioner asserted that his normal rates were $125 per hour while in court and $110 per hour for all other work. These requested fees, combined with costs incurred of $250.25, brought the petitioner's total fee request to $13,527.50. The State also requested that the defendant's drug fine be partially paid out of the forfeited bond money.

After imposing sentence on the still-absent defendant, the trial court heard argument regarding the disposition of the forfeited bond deposit. After listening to argument, the trial court stated:

"THE COURT: With reference to the attorney's fees, I find that the defendant is—Mr. Morelli is entitled to a fee for representing the defendant. I have no real quarrel with the bill or the hours that were submitted. On the other hand, I think taking into consideration the amount of funds that are [*sic*] available, I don't feel that it would be fair and equitable to all parties involved to just flat out pay that, even though Mr. Morelli may very well have earned that amount or may be entitled to that amount. I think it is discretionary with the court."

The trial court then awarded the petitioner a fee of $7,500, from which was subtracted the $2,000 the defendant already had paid to the petitioner, plus $250 for expenses, for a total of $5,750. A further

$2,000 (10% of the $20,000 bond) was allocated as the clerk's fee. Also, $78 in felony costs was subtracted, leaving $12,172, which the trial court divided in equal shares between the Aurora Drug Fund and the general fund of Kane County. It is unclear whether the trial court disbursed these remaining funds in satisfaction of the judgment arising from the defendant's drug fine (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.2) or merely allocated the money to satisfy the judgment arising out of the statutory bond forfeiture provisions (Ill. Rev. Stat. 1987, ch. 38, par. 110—7(g)).

The petitioner now appeals from the trial court's order allocating the defendant's forfeited bond funds. Though the petitioner also filed a notice of appeal on behalf of the defendant regarding his conviction, that appeal is currently pending before the court (No. 2—89—0277) and is not relevant here.

On appeal, the petitioner argues that the trial court, having suggested that the petitioner was entitled to the full amount of his fee request, should have paid him the full amount out of the bond funds before allotting any amount to the State. The State argues that the fee awarded to the petitioner was reasonable and that it was within the discretion of the trial court to divide the bond money as it did. Neither party takes issue with the manner in which the forfeited bond deposit was distributed as between the two governmental units. At issue on appeal is whether section 115—4.1(a) of the Code permits a trial court to award attorney fees in an amount less than the fees actually and reasonably earned by the attorney when the bond money is sufficient to pay the full amount.

■ Section 110—7 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 110—7) requires criminal defendants to deposit a sum equal to 10% of the amount of bail in order to insure attendance at trial. This provision allows for the forfeiture of the bond deposit if the defendant fails to comply with the provisions of his bail bond. When a defendant fails to appear before the court within 30 days of forfeiture, the trial court is empowered to enter judgment in favor of the State in the amount of bail plus costs. The defendant's bond deposit is applied to the payment of costs and, if any amount remains, to the payment of the judgment. Ill. Rev. Stat. 1987, ch. 38, par. 110—7(g).

■ The legislature, however, "has made bond deposits the subject of more than one enactment." (*People v. Maya* (1985), 105 Ill. 2d 281, 288.) Section 115—4.1 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1) provides a mechanism for the trial of defendants who attempt to evade trial by fleeing the jurisdiction. The statute also provides that, at the conclusion of the *in absentia* proceedings, the trial

court "may order the clerk of the circuit court to pay counsel such sum as the court deems reasonable, from any bond monies which were posted by the defendant with the clerk, after the clerk has first deducted all court costs." Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).

■ The primary legislative intent in enacting section 115—4.1(a) was not to provide for payment of attorney fees, but to prevent criminal defendants from evading trial by absenting themselves from court proceedings. (*People v. Rivera* (1985), 134 Ill. App. 3d 927, 929.) In providing for the trial of absent defendants, however, the legislature endeavored to insure that such trials would be conducted with due regard for the defendant's "procedural rights guaranteed by the United States Constitution, Constitution of the State of Illinois, statutes of the State of Illinois, and rules of court." (Ill. Rev. Stat. 1987, ch. 40, par. 115—4.1(a).) Since a defendant would require effective representation to protect these rights in his absence, section 115—4.1(a) gives the trial court authority to award reasonable attorney fees from defendant's bond deposit. (*Maya,* 105 Ill. 2d at 285-86.) Without such a provision, there would be little incentive for an attorney to represent, or to continue to represent, a client who has fled the jurisdiction.

■ The petitioner argues that the trial court determined that his original fee request of some $13,000 was reasonable and justified and that this, therefore, is the amount he should have been awarded. We do not believe that the trial court's statement that it had "no real quarrel" with the petitioner's fee request can be equated with a finding that the fees were "reasonable" under the terms of section 115—4.1(a). It is also just as clear, however, that the amount awarded to the petitioner does not represent a simple determination of the reasonable amount of fees the petitioner actually earned. This amount was arrived at by the trial court in an attempt to be "fair and equitable to all parties involved" in determining the proper allocation of the limited amount of bond money. The trial court left no doubt that the amount of fees awarded to the petitioner was something less than what he reasonably earned in these proceedings. The question now is whether the trial court should have determined the amount of reasonable attorney fees due the petitioner, and paid them in full to the extent possible, before distributing funds to the State for the drug fine imposed on the defendant.

As we noted above, it is not clear whether the trial court allotted part of the bond-deposit money to the Aurora drug fund and the Kane County general fund to satisfy the judgment arising from the defendant's drug fine or instead to satisfy the judgment arising from the

forfeiture of the defendant's bond. If the money was allocated to these entities in satisfaction of the judgment arising from the bond forfeiture, then the supreme court's decision in *People v. Maya* (1985), 105 Ill. 2d 281, is directly controlling in this appeal. In that case, the supreme court held that, in such circumstances, the legislature intended the trial court "to *first* award in its discretion reasonable fees from a bond deposit and for the court *thereafter* to grant, under section 110—7(h), judgment for the State in the amount of the bond-deposit balance, *if any*, remaining." (Emphasis added.) (*Maya*, 105 Ill. 2d at 287.) This means that the trial court should have first determined what constituted reasonable attorney fees for the petitioner and awarded him this amount out of the bond deposit; the entities designated by the State should then have received a distribution from "the bond deposit balance remaining."

*People v. Maya* did not address the question of whether the attorney-fees provision of section 115—4.1(a) should be given priority over the payment of drug fines that may be incurred after a defendant is tried and convicted *in absentia*. The logic of *Maya* still applies to such a situation, though, because "[t]o hold that the court is required to first enter judgment in favor of the State in the amount of the bond deposit would, of course, exhaust the deposit and leave nothing to permit giving effect to the provisions of section 115—4.1(a)." (*Maya*, 105 Ill. 2d at 287.) Even if the trial court's distribution of the bond deposit represents an attempt to allocate money toward the defendant's drug fine, this function should have been served only after the payment of reasonable attorney fees to the petitioner.

■ Another good reason for giving attorney fees priority over the payment of the defendant's drug fine is found in the realization that, but for the ability to try the defendant *in absentia*, the drug fine resulting from the conviction would never have been imposed. The role of the defendant's attorney in the *in absentia* proceedings is crucial to insure that they are conducted with due regard for the defendant's rights. In fact, the presence of counsel for the defendant is essential to make such proceedings constitutional. (See *People v. Davis* (1968), 39 Ill. 2d 325, 329-31.) By enacting section 115—4.1(a), the legislature gave "the court discretion to award reasonable fees to insure that an accused's right to the assistance of counsel is honored." (*Maya*, 105 Ill. 2d at 288.) To give priority to the payment of the drug fine out of the forfeited bond deposit would effectively eliminate the incentive for trial attorneys to represent defendants *in absentia*; we do not believe the legislature intended such a result.

We also reject the State's contention that we should evaluate this

issue differently when the attorney involved is privately retained, rather than court appointed. As the supreme court stated in *Maya*:

"[T]here is no reasonable ground to distinguish between appointed and privately retained counsel as the State urges us to do. It is generally known that often attorneys in making fee arrangements will look to the defendant's bond deposit for full or partial compensation. Section 115—4.1(a) itself makes no distinction between retained or appointed counsel in authorizing the allowance of fees." 105 Ill. 2d at 286.

■■ Finally, although we have held that the trial court should have awarded the petitioner the reasonable amount of fees earned in representing the defendant, the trial court has not actually addressed the reasonableness of the fee schedule submitted on behalf of the petitioner. Therefore, we remand the cause to the trial court for a determination of what amount would constitute reasonable attorney fees for the petitioner's efforts on behalf of the defendant. (See *People v. Johnson* (1981), 87 Ill. 2d 98, 105-06.) This amount should be awarded to the petitioner out of the forfeited bond deposit first. Any money remaining should be applied to payment of the defendant's fine; the division of the proceeds from the fine between the various governmental entities involved in this cause should be made pursuant to the statutory provision for the allocation of drug-fine proceeds set out in section 5—9—1.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.2).

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DUNN and GEIGER, JJ., concur.