THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD JACKSON, Defendant-Appellant.

Fourth District   No. 4—91—0191

Opinion filed December 13, 1991.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's
Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant was convicted of unlawful possession of a weapon by a person in custody of a Department of Corrections (DOC) facility, pursuant to section 24—1.1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(b)). Subsequently, the Livingston County court sentenced defendant to a Class X sentence of 20 years, pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)). Defendant contends that (1) the prior convictions used to enhance his current felony to a Class X felony were not proved beyond a reasonable doubt; (2) his first conviction used to enhance the instant charge was set aside on appeal, and since he was not reconvicted until April 29, 1985, it cannot be said there was a valid conviction at the time of the commission of the second felony; (3) the Class X sentence must be vacated, where the State failed to notify him in the indictment, pursuant to section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 111—3), that it intended to seek the enhanced Class X penalty; and (4) the trial court improperly considered his two prior convictions in aggravation and to enhance his sentence.

Defendant was charged by indictment with unlawful possession of a weapon by a person in the DOC. The indictment alleged that defendant, an inmate at Pontiac Correctional Center (Pontiac), possessed a dagger-like weapon while confined at a DOC facility. At his arraignment, defendant was advised that if he was unable to afford counsel, one would be appointed for him. Defendant requested that he be allowed to proceed *pro se*. After explaining the requirements of proceeding *pro se* and interviewing defendant, the court found him capable of representing himself.

Both parties presented evidence. After deliberating, the jury found defendant guilty as charged. At sentencing, the court reviewed defendant's presentence investigation report. On August 19, 1979, defendant was convicted in Cook County of murder, attempt (murder), and armed robbery, and sentenced to 60 years for the murder and 60 years for the attempt (murder) and armed robbery, to run consecutive to the sentenced imposed on a 1976 conviction. On September 15, 1981, defendant was an inmate at Menard Correctional Center and

was convicted of armed violence and sentenced to 10 years in the DOC, to be served consecutive to the 1979 sentence of 60 years.

The presentence report also indicated that on March 19, 1984, defendant's 1979 conviction was reversed and remanded for a new trial. Defendant was reconvicted and resentenced in 1985 to the same terms previously imposed.

At sentencing, the judge informed defendant that he was required to sentence him as a Class X felon. The court determined that, based upon the two most recent prior convictions, defendant should receive the Class X sentence. Defendant was sentenced to 20 years, to run consecutively with his current sentence.

■ Defendant first contends that the court erred in sentencing him as a Class X offender, because his first applicable conviction was reversed after the commission of the second applicable felony. Defendant urges this court to remand the case for resentencing, with instructions for the trial court to impose a nonenhanced sentence. Section 5—5—3(c)(8) of the Code states:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).

The People contend the fact the 1979 felony conviction was reversed after defendant's 1981 conviction for armed violence would not render defendant ineligible for sentencing as a Class X felon. Instead, the People would have the reconviction of the murder, attempt (murder), and armed robbery relate back to 1979, to qualify defendant for Class X sentencing. The People further argue the reversal of defendant's 1979 conviction was a mere technicality and that the legislature did not intend for repeat offenders like defendant to escape Class X sentencing because his conviction was reversed for a time. Although the People's argument is logical, we must look at the plain meaning of the statute.

■ The court is to give consideration to all the words of the statutory provision so that no word or clause is rendered meaningless or superfluous. (*People v. Singleton* (1984), 103 Ill. 2d 339, 345, 469

N.E.2d 200, 203.) The cardinal rule is to ascertain and give effect to the intent of the legislature. (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 73, 285 N.E.2d 129, 130; *People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174, 1175.) In determining the legislative intent, the court should first consider the statutory language. (*Boykin*, 94 Ill. 2d at 141, 445 N.E.2d at 1175.) If the statutory language is clear on its face, it will be given effect without resort to other aids for construction. *People v. Robinson* (1982), 89 Ill. 2d 469, 475-76, 433 N.E.2d 674, 677.

This statute requires that defendant *commit* a second felony after he is *convicted* on the first. Then, the third felony must be committed after conviction on the second. The instant defendant did commit the second felony after conviction of the first felony; however, after the commission and conviction of the second felony, defendant's conviction of the first felony was reversed on appeal. Defendant was subsequently reconvicted and resentenced on the same charges as he was convicted during the first trial for the first felony. We must determine whether defendant's reconviction on the first felony relates back to the date of the first conviction. We hold that it does not.

■■ ■ It is a well-established rule that the effect of a reversal of the trial court by a reviewing court is to abrogate the order or judgment reviewed, and leave the proceeding as it stood prior to the entering of the order of judgment. The order of judgment is effectively expunged from the records. (*People v. Rea* (1979), 80 Ill. App. 3d 77, 80, 399 N.E.2d 302, 304.) Consequently, defendant's 1979 conviction for his first felony was a nullity after it was reversed. The reconviction cannot be said to have related back to the first. The first conviction is treated as if it never existed. Accordingly, while we affirm defendant's conviction, we must reverse his Class X sentence. On remand, we would instruct the trial court to resentence defendant to a non-Class X sentence. Defendant poses several other arguments which need not be addressed since we are remanding this cause for resentencing, for further proceedings consistent with this opinion.

Affirmed in part; reversed in part, and remanded with directions.

GREEN, P.J., and STEIGMANN, J., concur.