THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISIS PINO, Defendant (Sam Adam, Petitioner-Appellant).

First District (4th Division)   No. 1—90—1440

Opinion filed June 11, 1992.

Sam Adam, *pro se*, and Marc W. Martin, of Genson, Steinback & Gillespie, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Carol L. Gaines, Special Assistant State's Attorney, and Renee G. Goldfarb and Joseph W. Colaianne, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Petitioner Sam Adam (hereinafter petitioner) appeals from the trial court's award of reasonable attorney fees for his representation of defendant Isis Pino (hereinafter defendant), who was tried and convicted *in absentia* on various drug charges. Upon review, petitioner argues that the trial court should have awarded him attorney fees in the full amount of defendant's bail bond ($200,000). Petitioner asserts that this award would be appropriate, because defendant agreed, before she disappeared prior to trial, that petitioner would receive the full amount of her bail bond deposit as attorney fees for petitioner's representation of defendant. In the alternative, petitioner argues that the court should have granted him attorney fees for his representation of defendant in a prospective appeal from defendant's convictions.

We affirm the trial court's order, finding that the trial court properly awarded petitioner reasonable attorney fees for his representation of defendant at trial, and that the trial court was not obligated to award petitioner prospective attorney fees for his anticipated representation of defendant in an appeal from defendant's convictions.

The record establishes the following. Petitioner agreed to represent defendant with respect to various drug charges that had been filed against her. This representation was to include matters arising during pretrial, trial, and post-trial proceedings against the defendant, as well as any appeal in the event the defendant were convicted of the charges against her. The defendant agreed that petitioner would receive the full amount of defendant's bail bond, $200,000, as compensation for this representation.

The defendant did not appear for trial, and the matter proceeded against her *in absentia*. Following trial, defendant was found guilty and convicted of the various drug charges against her. Petitioner filed a notice of appeal on her behalf.

Petitioner then requested that the trial court award him the full amount of defendant's bail bond, less clerk's costs, as compensation for his representation of the defendant. The trial court refused to award the full amount of defendant's bail bond to petitioner for legal fees, and declined to award petitioner attorney fees for his prospective representation of the defendant in an anticipated appeal from the defendant's conviction.

The court held an evidentiary hearing with respect to the reasonable legal fees petitioner should receive for his representation of the defendant. Based upon this evidentiary hearing, the court concluded that petitioner was entitled to a net balance of reasonable attorney fees in the amount of $54,500. The petitioner appeals.

Upon review, petitioner does not contend that the sum awarded to him constitutes an unreasonable or inadequate attorney fee for the legal services he has provided to date on defendant's behalf. Petitioner claims that the trial court should have awarded him the full amount of the defendant's bail bond, less clerk's costs, simply because this was the contractual arrangement to which defendant agreed before defendant absented herself from trial.

■ To support his position, petitioner relies upon section 110—7(f) of the Code of Criminal Procedure of 1963, which provides in pertinent part that when the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause, the court may, at defendant's request, order the bail deposit paid over to defendant's attorney of record. (Ill. Rev. Stat. 1989,

ch. 38, par. 110—7(f).) However, the defendant in the instant cause did not perform all the conditions of her bail bond, *i.e.*, she did not appear for trial, and her bail was therefore forfeited. (Ill. Rev. Stat. 1989, ch. 38, par. 110—7(g).) Consequently, under the terms of section 110—7, the trial court was not obligated to award petitioner the full amount of the bail bond deposit for petitioner's attorney fees in representing the defendant.

■ The trial court in the instant cause properly relied upon section 115—4.1(a), which states that if the defendant fails to appear for trial, the trial court may, "at the conclusion of all of the proceedings, *** order the clerk of the circuit court to pay counsel such sum as the court deems reasonable, from any bond monies which were posted by the defendant with the clerk, after the clerk has first deducted all court costs." (Ill. Rev. Stat. 1989, ch. 38, par. 115—4.1(a).) The trial court held an evidentiary hearing and based thereon determined the reasonable sum to be awarded petitioner for his attorney fees. (See *People v. Maya* (1985), 105 Ill. 2d 281, 473 N.E.2d 1287 (enumerating factors to be considered in determining reasonable fee to be awarded for legal representation of defendant tried *in absentia*).) The petitioner does not claim that the award granted by the trial court was against the manifest weight of the evidence presented at the court's hearing.

■ In light of section 115—4.1(a), the trial court properly determined that petitioner was not entitled to the full amount of defendant's bail bond, less clerk's costs, for petitioner's representation of defendant. Section 115—4.1 provides for the award of reasonable fees for an attorney's representation of a defendant tried and convicted *in absentia*. The provision does not require that the trial court enforce the exact terms of the defendant's original fee agreement with the attorney who appeared on the defendant's behalf at trial. The purpose of section 115—4.1 is to ensure that a defendant tried *in absentia* receive adequate legal representation during his absence. (See *Maya*, 105 Ill. 2d 281, 473 N.E.2d 1287; *People v. Barraza* (1990), 193 Ill. App. 3d 655, 550 N.E.2d 59.) This goal is adequately achieved by an award of reasonable attorney fees to counsel who provided such representation at trial. There was no error in the trial court's refusal to award petitioner the full sum of defendant's bail bond deposit, less court costs, in the instant cause.

■ We also find no error in the trial court's refusal to award petitioner a sum for his prospective representation of defendant in an anticipated appeal from defendant's convictions. There is nothing in section 110—7 or 115—4.1 that allows the trial court to award

prospective attorney fees for an anticipated appeal on behalf of a defendant who was tried and convicted *in absentia* and remains absent during the appeal. Petitioner attempts to justify this award on the theory that if he is not awarded prospective attorney fees for an appeal, the defendant's right to an appeal will be thwarted. However, the defendant has no automatic right to an appeal while she remains *in absentia,* since the appellate court has the discretionary authority to refuse to hear her appeal until she returns to this jurisdiction. (See *People v. Partee* (1988), 125 Ill. 2d 24, 37, 530 N.E.2d 460.) We also note that although petitioner filed a notice of appeal on defendant's behalf, petitioner did not file appellate briefs or perform other legal services with respect to the defendant's appeal. Consequently, petitioner essentially seeks an award in attorney fees for services he has not yet provided. We do not believe the pertinent statutes were designed to grant petitioner speculative attorney fees for legal representation he may provide at an unspecified point in the future.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.