January 11, 1999

4-98-0460

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In Re: the Detention of HAROLD L. ) Appeal from

TINEY-BEY, ) Circuit Court of

THE PEOPLE OF THE STATE OF ILLINOIS, ) Champaign County

Petitioner-Appellee, ) No. 98MR213

v. )

HAROLD L. TINEY-BEY, ) Honorable

Respondent-Appellant. ) John G. Townsend,

) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

On May 6, 1998, the State filed a petition to have respondent, Harold Tiney-Bey, declared a sexually violent person, subject to the commitment provisions of the Sexual­ly Violent Persons Commitment Act (Commitment Act) (725 ILCS 207/1 
et seq. 
(West Supp. 1997)).  After a hearing on May 11, 1998, probable cause to support the petition was found, and respondent was ordered to be evaluated by the Department of Human Services (DHS) pursuant to the Commitment Act (725 ILCS 207/30(c) (West Supp. 1997)).  On May 11, 1998, the State filed a jury demand, pursuant to the Commitment Act (725 ILCS 207/25(d), 35(c) (West Supp. 1997)).  On May 22, 1998, the trial court denied respondent's motion to strike the jury demand.  The trial court granted respondent's motion for inter­loc­utory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  We affirm.  

Respondent argues the trial court violat­ed his right to remain silent by requiring him to subject himself to an interview with DHS, and the trial court denied him his right to waive a jury trial by granting the State's jury demand.

The Commitment Act contains an apparent inconsistency with respect to the right to a jury trial.  Section 35(b) of the Commitment Act pro­vides a subject of a peti­tion with all the consti­tution­al protections given a criminal defen­dant.  725 ILCS 207/35(b) (West Supp. 1997).  In Illinois, a criminal defendant has the consti­tutional right to waive a jury trial.  
People ex rel. Daley v. Joyce, 
126 Ill. 2d 209, 222, 533 N.E.2d 873, 879 (1988).  Howev­er, under the Commitment Act, the State may request a jury trial.  725 ILCS 207/25(d), 35(c) (West Supp. 1997).  

A criminal defendant also has the constitu­tional right to remain silent.  U.S. Const., amend. V.  Howev­er, the Commit­

ment Act pro­vides a respondent may be evalu­at­ed by DHS after probable cause has been established to determine if he is a sexually dangerous person.  725 ILCS 207/30(c) (West Supp. 1997).  Respon­dent argues this provision forces him to communicate with the State and provide it with incriminating information.   

In resolving these conflicts, we first determine whether the statute is crimi­nal or civil in nature.  This is an issue of statu­to­ry con­struc­tion, and we defer to the stated intent of the legis­la­ture unless the party challenging the statute provides the clearest proof that the statutory scheme is punitive.  
Kansas v. Hendricks, 
521 U.S. 346, 361, 138 L. Ed. 2d 501, 515, 117 S. Ct. 2072, 2082 (1997).

Respondent notes the Commitment Act provides for loss of his liberty.  In 
Allen v. Illi­nois, 
478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct. 2988 (1986), the United States Supreme Court held similar commit­ment pro­ceed­ings in the Sexually Danger­ous Persons Act (725 ILCS 205/0.01 
et seq. 
(West 1996)) were not crimi­nal for purposes of the fifth amend­ment.  The United States Supreme Court held the Kansas Sexually Violent Predator Act (Kan. Stat. Ann. §59-29a01 
et seq. 
(1994)), a similar stat­ute, to be civil in nature for purpos­es of the double jeopar­dy and 
ex post facto 
clauses of the United States Consti­tu­tion.  
The 
Kansas statute may be trig­gered when a person is being released from a prison term for a sexual­ly violent of­fense, but may also be triggered in some circumstances when a person is absolved of criminal respon­

sibili­ty.  
Hendricks, 
521 U.S. at 362, 138 L. Ed. 2d at 515, 117 S. Ct. at 2082.  The same is true of the Commit­ment Act.  725 ILCS 207/10(b) (West Supp. 1997).

The 
Hendricks 
Court noted the commit­ment pro­ceed­ings at issue did not involve retri­bu­tion or deter­rence, and though the statute allowed for re­straint for an indeterminate period, it includ­ed condi­tion­al dis­charge provi­sions that allowed the respondent to seek re­lease at any time, required annual reexami­

na­tion of the respondent, and required re­lease once it was deter­

mined the respondent was no longer a threat to oth­ers.  
Hendricks, 
521 U.S. at 363-64, 115 L. Ed. 2d at 516, 117 S. Ct. at 2083.  The Commitment Act contains similar provi­sions.  725 ILCS 207/55, 60, 65 (West Supp. 1997).

The Commitment Act does provide several specific proce­

dural protections analo­gous to those given a criminal defen­dant.  See 725 ILCS 207/25(c)(1) (West Supp. 1997) (right to be present and represented by appointed counsel); 725 ILCS 207/25(c)(2) (West Supp. 1997) (right to remain silent); 725 ILCS 207/25(c)(3) (West Supp. 1997) (right to present and cross-examine witnesses); 725 ILCS 207/35(a) (West Supp. 1997) (right to a speedy trial); 725 ILCS 207/25(e) (West Supp. 1997) (right to appointment of an indepen­dent expert); 725 ILCS 207/35(d)(1) (West Supp. 1997) (the State must prove the allega­tions of its pe­tition beyond a reason­

able doubt); 725 ILCS 207/30 (West Supp. 1997) (a defendant may only be detained upon a finding of proba­ble cause); 725 ILCS 207/35(b) (West Supp. 1997) (criminal rules of evidence apply).  However, 
such 
provisions do not make the Commitment Act more inva­sive.  These only add to the protections given to the indi­

vidual, and they do not make an other­wise civil statute crimi­nal in na­ture.  
Hendricks, 
521 U.S. at 364-65, 138 L. Ed. 2d at 516-

17, 117 S. Ct. at 2083.

Because proceedings under the Commitment Act are civil in na­ture, they do not trigger respondent's criminal constitu­

tional rights.  Respondent has no constitutional right to a trial by jury in a civil commitment proceeding.  See 
People v. Bradley, 
22 Ill. App. 3d 1076, 1087, 318 N.E.2d 267, 275 (1974) (no constitu­tional right to trial by jury in civil mental health commitment pro­ceeding); 
People v. Studdard, 
51 Ill. 2d 190, 196, 281 N.E.2d 678, 681 (1972) (no state constitu­tional right to trial by jury under the Sexually Dangerous Persons Act).  Accord­

ingly, respon­dent has no constitutional right to waive a jury trial.  Simi­lar­ly, respondent's consti­tution­al right to remain silent is not impli­cated by the Commitment Act's psychiatric evalua­tion requirement because his incrim­i­nat­ing state­ments to a psychi­a­trist during a compelled exami­na­tion may not be used against him in a criminal proceed­ing (
People v. Allen, 
107 Ill. 2d 91, 103-04, 481 N.E.2d 690, 696 (1985), 
aff'd, 
478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct. 2988 (1986) (inter­preting the Sexually Dangerous Persons Act)).  
Allen, 
478 U.S. at 368, 92 L. Ed. 2d at 304, 106 S. Ct. at 2992.  

Therefore, even though respondent's rights under section 35(b) are modeled on the constitutional rights of a crimi­nal defendant, these rights are statu­to­ry in origin, and the normal rules of statu­tory con­struc­tion are used to resolve any con­flict between section 35(b) and the other parts of the Commit­

ment Act.  In inter­preting a stat­ute, we give effect to the intent of the legisla­ture.  The best evidence of legisla­tive intent is the language of the statute itself.  
In re A.P., 
179 Ill. 2d 184, 195, 688 N.E.2d 642, 648 (1997).  Stat­utes must be construed in harmony with one another, insofar as it is reason­

ably possible, even when they are in apparent conflict.  
People v. Maya, 
105 Ill. 2d 281, 287, 473 N.E.2d 1287, 1290 (1985).  If possible, effect is given to every word, clause, and sentence, and a court may not read a statute so as to render any part inoperative, superfluous, or insignificant.  
Bauer v. H.H. Hall Construction Co., 
140 Ill. App. 3d 1025, 1028, 489 N.E.2d 31, 33 (1986).  Where two statuto­ry sections are in irreconcil­able con­

flict, the specific provi­sion controls over the general one.  
Old Ben Coal Co. v. Depart­ment of Mines & Minerals, 
207 Ill. App. 3d 1088, 1093, 566 N.E.2d 813, 816 (1991).  

Respondent argues these rules of con­struction do not apply here and that, even if pro­ceed­ings under the Commitment Act are civil for purposes of triggering his constitu­tional rights, the Commitment Act is "quasi-criminal," and so the rule of lenity, rather than the above rules of statutory con­struc­tion, should guide our analysis.  Under the rule of lenity, a crimi­nal or penal statute is to be strict­ly construed in favor of an accused, and nothing is to be taken by intendment or implica­tion against him beyond the obvious or literal meaning of such stat­

utes.  
People v. Eagle Food Centers, Inc., 
31 Ill. 2d 535, 539, 202 N.E.2d 473, 475 (1964).  

We reject this argument.  First, there is no reason to treat the Commitment Act as criminal for purposes of the rule of lenity when the legislature clearly intends it to be treated as a civil statute, and the statute is not sufficiently penal to trigger respondent's crimi­nal consti­tu­tion­al rights.  The cases cited by respondent strictly construing the Sexually Dangerous Persons Act all predate the United States Supreme Court's deci­

sions in 
Allen 
and 
Hendricks.  
Sec­ond, the above rules of statu­

tory con­struc­tion still apply when interpret­ing criminal stat­

utes, not­with­standing the rule of lenity.  See 
People v. Gawlak, 
276 Ill. App. 3d 286, 291, 
657 
N.E.2d 1057, 1061 
(1995); People v. Jack­son, 
223 Ill. App. 3d 331, 
333-34, 
584 N.E.2d 836, 838 (1991); 
People v. Villarreal, 
152 Ill. 2d 368, 379, 604 N.E.2d 923, 928 (1992); 
People v. Zaremba, 
158 Ill. 2d 36, 40, 
630 
N.E.2d 797, 799 (1994).

The lan­guage in section 35(b) upon which respondent relies is intended to provide a general protection for subjects where the Commitment Act is otherwise silent.  Several of the protections in the Commitment Act cited in respondent's argument that the Commitment Act is crimi­nal in nature would be superflu­

ous if section 35(b)'s general incor­po­ration of constitu­tional rights were to prevail over provisions of the Commitment Act that specif­i­cally define these rights.  See 725 ILCS 207/25(c)(1) (West Supp. 1997) (right to be present and repre­sented by ap­

pointed coun­sel); 725 ILCS 207/25(c)(3) (West Supp. 1997) (right to present and cross-examine witness­es); 725 ILCS 207/35(d)(1) (West Supp. 1997) (the State must prove the allega­tions of its pe­tition beyond a reason­able doubt).  Respondent's argu­ment that he has the right to a bench trial is in conflict with the express terms of the Commitment Act that pro­vide the State the right to a jury trial.  725 ILCS 207/25(d), 35(c) (West Supp. 1997).  To give these specific provi­sions any meaning at all, they must prevail over the general provi­sion in section 35(b).  

The argument that respondent has the right to remain silent at a psychologi­cal evalua­tion also fails.  Section 35(b) relates generally to the respondent's rights 
at trial 
(725 ILCS 207/35 (West Supp. 1997)).  The Commitment Act con­tains a specif­

ic provi­sion grant­ing a respondent the right to remain silent, which only applies in 
hear­ings 
under the Commitment Act.  725 ILCS 207/25(c)(2) (West Supp. 1997).  This limited right controls over any general right to remain silent implied by section 35(b).  The specific provi­sion requiring a psychiat­ric evaluation would be mean­ingless if the general provisions of section 35(b) were meant to incor­po­rate the right to remain silent at these evalua­

tions.

Section 30(c) of the Commitment Act has recently been amended to provide:

"If the person named in the petition refuses to speak to, communicate with, or otherwise fails to cooperate with the expert from [DHS] who is conducting the evaluation, the person shall be prohibited from introducing testimo­

ny or evidence from any expert or profession­

al person who is retained or court appointed to conduct an evaluation of the person."  Pub. Act 90-793, §20, eff. August 14, 1998 (1998 Ill. Legis. Serv. 3397, 3420 (West)).

Respondent argues this change, providing special protections for the State when a respondent chooses not to speak during an evaluation, indicates the Commitment Act is intended to give respon­dents the right to remain silent at evaluations.  We disagree.  As a practical matter, a respondent has the power, but not the right, to refuse to comply with an evaluation.  The amendment merely addresses the practical problems that may arise because of this and does not imply a right to remain silent.

For all of the above reasons, we affirm.

Affirmed.

KNECHT, P.J., and GARMAN, J., concur.